[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: APPLICATION FOR DISCHARGE OR REDUCTION OFMECHANIC'S LIEN.
Frank N. Paladino and Mark X. Paladino have filed an application for discharge or reduction of a mechanic's lien filed by M O Construction Co., Inc. On September 3, 1996, the contractor filed a mechanic's lien on the applicants' property located at 493 Danbury Road, New Milford, Connecticut in the amount of $37,382.95.
Work on the applicants' property was performed commencing December 12, 1995 and terminating August 14, 1996. On January 5, 1996, April 4, 1996, May 5, 1996, and June 20, 1996, the contractor executed and delivered a general release and waiver of lien in order to receive partial payments. These waivers provided that "The undersigned . . . Hereby waives any mechanics, material man's or like liens, and all rights to file such lien in the future against said real property on account of said work, services, equipment and materials performed or furnished by us as of the date below . . .". The work performed below as of June 20, 1996 "for work completed on or before May 25, 1996 with the exception of work/services provided on inv. #10001, dated May 31, 1996." Accordingly, the lien was filed for work performed subsequent to May 25, 1996.
There is a dispute between the parties concerning billings for sales tax and some of the work performed. The original proposal provided that "General Contractor, Conceptual Construction, Inc. as Owners must provide a certificate of exemption from sales and use taxes, otherwise add 6% to base and alt item price." This provision was stricken before the contract was entered into. However, there was oral testimony that the owners agreed to pay sales tax and an agreement that no certificate of exemption was ever provided. The contractor testified that the taxes were paid and therefore for the purposes of a mechanic's lien, that amount may be properly included.
The issues between the parties concerning the work performed, not performed and sales tax liability are properly matters which must await a trial on the merits. CT Page 1150
Section 49-35b of the General Statutes provides as follows:
 Sec. 49-35b. Burden of proof at hearing. Authority of court. (a) Upon the hearing held on the application or motion set forth in section 49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced.
Based upon the evidence, the court finds that the contractor has established probable cause to sustain the validity of the lien and that the applicants have failed to establish by clear and convincing evidence that the lien should not be sustained or that it be reduced.
For the reasons stated, the application for discharge or reduction of the mechanic's lien is denied.
HON. WALTER M. PICKETT, JR. State Judge Referee